UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERRY ROBINSON,

       Petitioner,

v.

SHERMAN CAMPBELL,[1]

       Respondent.

Case No. 15-cv-12808

HON. MARK A. GOLDSMITH

_____/

**OPINION AND ORDER
DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO
APPEAL IN FORMA PAUPERIS**

Petitioner Berry Robinson, currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his convictions for first-degree felony murder, Mich. Comp. Laws § 750.316; assault with intent to rob while armed, Mich. Comp. Laws § 750.89; armed robbery, Mich. Comp. Laws § 750.529; and assault with intent to murder, Mich. Comp. Laws § 750.83. Petitioner was sentenced as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, and is currently serving a life sentence for the murder conviction, and concurrent with sentences of 40 to 80 years for the robbery and assault convictions.[2] For the reasons stated below, the Court denies the petition for a writ of habeas corpus, declines to issue a certificate of appealability, but grants Petitioner leave to proceed in forma pauperis on appeal.

---

[1] Sherman Campbell is the current warden of the Gus Harrison Correctional Facility, and the caption is amended to reflect Campbell as the proper Respondent.

[2] Petitioner is also serving sentences for operating a chop shop, third-degree fleeing and eluding, and felony-firearm, which arise from plea-based convictions not part of the habeas petition.

## I. BACKGROUND

Petitioner was convicted of the above charges following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009).

> Defendant's convictions stem from a shooting that occurred at a residence in Detroit. James Pounds was at the residence with James Reid when defendant and another man entered. Defendant asked for a deal on marijuana, and Pounds replied, "[n]ot right now." Defendant then hit Pounds in the face and the other man pulled out a gun. Defendant stated, "[d]on't play with us. You know what we're here for." Defendant searched Pounds's pockets and took money and marijuana from him while the other man fatally shot Reid in the chest. The other man then searched Reid, and defendant picked up money that had fallen on the floor. Pounds jumped out a window and ran. As he was running, someone in a car yelled something at him, and five or six gunshots were fired in his direction.

People v. Robinson, No. 307104, 2013 WL 1631977, at *1 (Mich. Ct. App. Apr. 16, 2013) (per curiam), rev'd in part on other grounds, 837 N.W.2d 276 (Mich. 2013).

The Michigan Court of Appeals affirmed Petitioner's conviction. Id. at *9. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which raised the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court, in lieu of granting leave to appeal, reversed the Michigan Court of Appeals on the question of sufficient evidence to support Petitioner's conviction of assault with intent to murder, vacated that conviction, and remanded the case to the Wayne County Circuit Court for entry of an amended judgment of sentence consistent with the order. People v. Robinson, 837 N.W.2d 276 (Mich. 2013). The Michigan Supreme Court then denied the application "[i]n all other respects,"

2

because it was "not persuaded that the remaining questions presented should be reviewed by" it. Id.

Petitioner then filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500, et. seq. (Dkt. 6-17), which the Wayne County Circuit Court denied. People v. Robinson, No. 11-4878-01 (Wayne Cnty. Cir. Ct. Feb. 14, 2014) (Dkt. 6-18). The Michigan appellate courts denied Petitioner leave to appeal. People v. Robinson, No. 322104 (Mich. Ct. App. Aug. 11, 2014) (Dkt. 6-19), leave denied, 864 N.W.2d 557 (Mich. 2015) (Dkt. 6-20).

Petitioner seeks a writ of habeas corpus on the following two grounds:

i. "Petitioner was deprived of a fair trial and due process of law where the trial court refused to allow defense counsel to exercise a proper peremptory challenge."

ii. "Petitioner was deprived of a fair trial and the effective assistance of counsel where the trial court denied defense counsel's motion for an adjournment and defense counsel failed to obtain and review discovery material sufficiently in advance of trial, failed to conduct a reasonable investigation, and failed to properly engage in plea negotiations."

Pet'r Br. at i.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported,

4

the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-787.

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id.; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

## III. ANALYSIS

### A. Claim One: The Peremptory-Challenge Claim

Petitioner first claims that he was denied a fair trial and due process of law when the trial court refused to allow trial counsel to exercise a proper peremptory challenge.

The United States Supreme Court has repeatedly held that peremptory challenges are not of a federal constitutional dimension. See Rivera v. Illinois, 129 S. Ct. 1446, 1454 (2009) ("[B]ecause peremptory challenges are within the States' province to grant or withhold, the mistaken denial of a state-provided peremptory challenge does not, without more, violate the Federal Constitution."); see also United States v. Martinez-Salazar, 528 U.S. 304, 311 (2000); Georgia v. McCollum, 505 U.S. 42, 57 (1992) ("This Court repeatedly has stated that the right to a peremptory challenge may be withheld altogether without impairing the constitutional guarantee of an impartial jury and a fair trial"); Ross v. Oklahoma, 487 U.S. 81, 88 (1988); Gray v. Mississippi, 481 U.S. 648, 663 (1987); Stilson v. United States, 250 U.S. 583, 586 (1919) ("There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges.").

The Michigan Court of Appeals likewise rejected Petitioner's claim that Petitioner was denied his state and federal constitutional rights to due process when the trial court denied his request for a peremptory challenges as follows:

> Peremptory challenges do not implicate the federal constitution and, accordingly, the denial of a peremptory challenge does not implicate federal due process rights. Similarly, peremptory challenges do not implicate the Michigan Constitution.

Robinson, 2013 WL 1631977, at *1.

The Michigan Court of Appeals further found that the denial by the trial court to exercise

6

a peremptory challenge, under the circumstances, was proper:

> On the second day of trial, defense counsel again argued that the trial court erroneously denied his attempt to exercise a peremptory challenge to excuse Zimmerman. The trial court stated that it had concluded that counsel did not provide a valid reason to excuse Zimmerman and that the court had determined that counsel wanted to excuse Zimmerman because of his race. Counsel again moved for a mistrial, which the trial court denied.
>
> Defendant argues that the prosecution failed to satisfy the first Batson[v. Kentucky, 476 U.S. 79 (1986)] step because it failed to demonstrate a prima facie case of discrimination based on race. Defendant's argument lacks merit. Defense counsel excused four males, apparently all of whom were Caucasian, before attempting to excuse Zimmerman and Hill. Counsel's use of his challenges thus "created a pattern of strikes against Caucasian males." "This pattern was sufficient to raise an inference that defense counsel was indeed excluding potential jurors on the basis of their race." Therefore, the trial court did not clearly err by finding that the prosecution demonstrated a prima facie case of racial discrimination. In any event, because defense counsel offered a race-neutral explanation and the trial court ruled on the question of discrimination, whether the prosecution established a prima facie case of discrimination is moot.

Robinson, 2013 WL 1631977, at *3.

Petitioner's first claim is meritless. He does not have a constitutional right to peremptory challenges. Furthermore, the Michigan Court of Appeals found that the trial court did not err in finding that trial counsel's reasons for the challenge was pretextual, did not provide a valid reason to excuse Zimmerman, and resulted because of Zimmerman's race. Therefore, Petitioner is not entitled to relief on his first claim.

### B. Claim Two: Claims based on the Trial Court's Denial of a Continuance and Related Ineffective Assistance of Trial Counsel

Next, Petitioner alleges that he was deprived of a fair trial when the trial court denied defense counsel's motion for an adjournment six days before trial, in order to review tapes of

7

Petitioner's recorded jail telephone conversations.

In criminal proceedings, a trial court's denial of a continuance rises to the level of a due process violation only when there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. See Burton v. Renico, 391 F.3d 764, 772 (6th Cir. 2004). To obtain habeas relief, a petitioner must show that the denial of his request for a continuance resulted in actual prejudice to his defense. Id.; see also Powell v. Collins, 332 F.3d 376, 396 (6th Cir. 2003). Actual prejudice may be demonstrated by showing that additional time would have made relevant witnesses available or otherwise benefitted the defense. Powell, 332 F.3d at 396.

Petitioner is unable to show that he was prejudiced by the trial court's refusal to grant a continuance, six days before trial, to permit his counsel to review recordings of his phone conversations.

The Michigan Court of Appeals found that:

> The trial court denied defendant's motion for an adjournment six days before trial, stating that defense counsel had "plenty of notice" and that defendant was aware of what he said during his recorded telephone conversations. The record shows that the discovery materials were made available to defense counsel weeks previously, but that he did not pick them up until August 27, 2011. Although defendant claims that he was denied his right to present a defense, as previously discussed, he fails to indicate what counsel could have done differently had he reviewed all of the recordings before trial. Moreover, defendant fails to provide any particulars regarding the defense of which he was purportedly deprived because of the trial court's denial of his motion. Thus, defendant has failed to establish good cause for the adjournment and failed to show prejudice as a result of the trial court's denial of the adjournment. As such, the trial court did not abuse its discretion by denying defendant's motion. Further, defendant has failed to demonstrate that he was denied his rights to present a defense or to the effective assistance of counsel as a result of the trial court's ruling.

Robinson, 2013 WL 1631977, at * 7.

The trial court found that defense counsel had plenty of time to obtain the material and that, in any event, Petitioner was aware of the recordings because he created them. 9/6/2011 Mot. Tr. at 10-11 (Dkt. 6-6). The court also noted that counsel had six more days to prepare for trial. Id. at 11. In light of the evidence presented, the Michigan Court of Appeals reasonably determined that Petitioner was not entitled to a continuance.

Petitioner claims that he was provided ineffective assistance of counsel by his trial counsel's failure to obtain and review discovery material sufficiently in advance of trial, failure to conduct a reasonable investigation, and failure to properly engage in plea negotiations.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Id. at 689. Second, the defendant must show that such performance prejudiced his defense. Id. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable

9

probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 558 U.S. 15, 27 (2009).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Indeed, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 556 U.S. at 123 (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a Strickland claim brought by a habeas petitioner. Id. This means that, on habeas review of a state court conviction, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Harrington, 562 U.S. at 101. "Surmounting Strickland's high bar is never an easy task." Id. at 105 (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)).

The Michigan Court of Appeals addressed Petitioner's first ineffective assistance of counsel claim as follows:

> [O]n the first day of trial, defendant sought to exclude the recorded conversations, arguing that they were not relevant, were more prejudicial than probative, and would deny defendant a fair trial. The trial court denied defendant's motion without reviewing the conversations and ruled that they were admissible. Defense counsel again indicated that he had still not reviewed all of the conversations.

10

> "Failure to make a reasonable investigation can constitute ineffective assistance of counsel." Defense counsel admittedly failed to review all of the recorded conversations on the tapes before trial, and there is no indication that his failure to timely pick up and review the materials constituted sound trial strategy. Accordingly, defendant has shown that trial counsel's performance fell below an objective standard of reasonableness.

Robinson, 2013 WL 1631977, at *5-6.

Although it found that trial was deficient by not reviewing the tapes of Petitioner's jail conversations, the Michigan Court of Appeals went on to hold that Petitioner was not prejudiced by counsel's performance.

A habeas petitioner cannot show deficient performance or prejudice resulting from counsel's failure to investigate if the petitioner does not make some showing of what evidence counsel should have pursued and how such evidence would have been material to his or her defense. See Hutchison v. Bell, 303 F.3d 720, 748 (6th Cir. 2002). Petitioner failed to show how counsel's failure to review his taped jail phone conversations would have assisted in his defense. Petitioner was aware of the subject matter of the taped conversations, given that he is the source of the taped conversations, but fails to indicate how review of the tapes would have provided evidence material to his defense.

As a result, the Michigan Court of Appeals rejected this claim as follows:

> [A]lthough defendant argues that trial counsel was unprepared to proceed with trial and was denied an adjournment, he fails to indicate how counsel's alleged unpreparedness affected the trial or what counsel could have done differently if he had timely picked up and reviewed the tapes. Moreover, defendant was aware of what was said on the tapes since they were recordings of his own telephone calls. Thus, defendant has failed to establish a reasonable probability that the outcome of the trial would have been different but for counsel's performance.

Robinson, 2013 WL 1631977, at *6.

Petitioner is not entitled to habeas relief on his first ineffective assistance of counsel claim because he failed to show that he was prejudiced by counsel's failure to review the tapes prior to trial.

Petitioner also alleges that, because of trial counsel's failure to review the tapes, counsel failed to engage in plea negotiations, denying Petitioner the benefit of a plea. The Michigan Court of Appeals rejected the claim as follows:

> Defendant also argues that defense counsel's failure to timely obtain and review the tapes denied him the effective assistance of counsel because it denied him the opportunity to engage in plea negotiations. The record reveals that the prosecution was willing to negotiate a plea with defendant, and that, specifically, the prosecution was interested in negotiating a plea with defendant if he agreed to testify against the shooter. Defendant has failed to demonstrate, however, that the prosecution would have in fact offered him a plea, what the terms of the offer would have been, and that defendant would have accepted the offer. Generally, defense counsel has a duty to communicate formal plea offers from the prosecution to the defendant. Moreover, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." "[T]here is no constitutional right to plea bargain" however, and a prosecutor need not offer a plea "if he prefers to go to trial." "If no plea offer is made, . . . the issue raised here [involving the appropriate remedy for plea bargain-related ineffective assistance of counsel] simply does not arise." Accordingly, defense counsel does not render ineffective assistance when no formal plea offer is made. Further, it is clear in this case that any offer would have involved defendant agreeing to testify against the shooter, which defendant has not indicated a willingness to do. Thus, defendant's claim that he was denied the ineffective assistance of counsel because counsel's actions deprived him of the opportunity to engage in plea negotiations fails.

Robinson, 2013 WL 1631977, at *6.

In the context of an ineffective assistance of counsel claim involving a defendant having

rejected a plea offer from the prosecution, in order to establish that he was prejudiced by counsel's alleged deficiency, the defendant must show that, but for the ineffective advice of counsel, there is a reasonable probability that the plea offer would have been presented to the court, i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances. The defendant must also show that the court would have accepted its terms, and that the conviction or sentence, or both, would have been less severe than under the judgment and sentence that in fact were imposed. Lafler v. Cooper, 566 U.S. 156, 163-164. In addition, in determining the remedy for ineffective assistance of counsel relating to defendant's rejection of a plea offer, a court may take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her action. Id. at 170-171.

Petitioner is unable to establish that he was prejudiced by counsel's alleged deficiencies in failing to review Petitioner's taped jail phone conversations to avail himself of the benefits of entering into plea negotiations with the prosecution. Petitioner submits that, because he was not made privy to the information contained in his recorded jail phone conversations, he was unable to intelligently determine if it was in his best interest to engage the prosecution in plea negotiations. The trial judge indicated that Petitioner was clearly aware of the content of the phone conversations, since he was the source of the taped conversations. 9/6/2011 Mot. Tr. 11. Although the prosecution broached the subject of a possible plea bargain involving Petitioner testifying against the shooter, there is no indication that a formal plea offer was ever made. The record is void of any indication that Petitioner would accept a plea in exchange for giving testimony against the shooter or that the trial judge would accept a plea. Trial counsel obtained the taped conversations six day before the trial date. Trial counsel had an opportunity to review

13

the tapes and discuss with Petitioner his interest in entering into a plea agreement in exchange for providing testimony against the shooter. Due to the lack of any terms or discussion pertaining to a plea offer, Petitioner has failed to show that he was prejudiced by counsel's alleged deficiencies with respect to a possible plea bargain in this case. Therefore, Petitioner is not entitled to habeas relief on his second claim.

### C. Certificate of Appealability and Leave to Proceed Informa Pauperis on Appeal

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied. Accordingly, a certificate of appealability is not warranted in this case.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id. at 764-765.

### IV. CONCLUSION

For the reasons stated above, the Court denies the petition for a writ of habeas corpus, declines to issue a certificate of appealability, but grants Petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: May 16, 2017  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2017.

s/Karri Sandusky
Case Manager
